IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CHARLOTTE ANN ROMINE**                                                                     **PLAINTIFF**

v.                                    **CASE NO. 4:12CV00758 BSM**

**CAROLYN COLVIN, Commissioner,**
**Social Security Administration**                                                         **DEFENDANT**

## ORDER

Plaintiff Charlotte Romine appeals the final decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income and disability benefits. The decision of the commissioner is affirmed and Romine's complaint [Doc. No. 2] is dismissed with prejudice.

### I. LEGAL STANDARD

This review function, which is extremely limited, is to determine whether the commissioner's decision is supported by substantial evidence and to analyze whether a claimant was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C.§ 405(g). Substantial evidence is defined as relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). When determining whether the commissioner's decision is supported by substantial evidence, all of the evidence in the record is considered, including evidence detracting from the commissioner's decision. The commissioner's decision may not be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368

F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3F.3d 1210, 1213 (8th Cir. 1993).

## II. DISCUSSION

The history of the administrative proceedings and the facts relevant to this decision are contained in the parties' respective briefs and are not in serious dispute. Consequently, they will not be repeated here except as necessary. After careful consideration of the record in its entirety, it is determined that the commissioner's decision is supported by substantial evidence.

Romine bases her disability claim on neuropathy and psoriatic arthritis. [Tr. 142]. Romine, who was 39 years old at the time of the hearing, is a high school graduate and has past relevant work as a cashier and retail clerk. [Tr. 26, 66, 143, 148-55]. The administrative law judge ("ALJ") assessed Romine's impairments by way of the mandatory five-step sequential evaluation process and determined that although Romine had severe impairments, those impairments did not meet or equal a listing. [Tr. 24]. He also concluded that Romine had the residual functional capacity ("RFC") to do less than a full range of light work. [Tr. 24]. Because a vocational expert testified that there were a significant number of jobs in the economy which Romine could perform with her limitations, the ALJ determined that she was not disabled under the Social Security Act. [Tr. 28].

On appeal, Romine argues that the ALJ erred by (1) improperly weighing the medical evidence and disregarding her treating physician's opinion; and (2) basing her residual functional capacity determination on inaccurate findings. Plaintiff's Brief ("Pl.'s Br.") at 11-

18. The commissioner maintains that substantial evidence supports the ALJ's findings that Romine was not disabled and the decision must be affirmed. Defendant's Brief ("Def.'s Br.") at 3-9. It is determined that the ALJ's decision is supported by substantial evidence.

Romine first argues that the ALJ erred by giving limited weight to her treating physician, Dr. Russell, and substantial weight to a reviewing physician who did not see Romine. Pl.'s Br. at 11-16. It is clear that the ALJ must give the treating physician's opinion controlling weight when it is supported by proper medical testing and is not inconsistent with other substantial evidence in the record. *Anderson v. Astrue*, 2012 WL 5200098, at *2 (8th Cir. Oct. 23, 2012). The ALJ may, however, discount or even disregard a treating physician's opinion when other medical assessments are supported by better or more thorough medical evidence or when the treating physician renders inconsistent opinions that undermine the credibility of the opinion upon which the claimant relies. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010); 20 C.F.R. § 404.1527(c)(2). When an ALJ discounts or disregards a treating physician's opinions, he must provide "good reasons" for the weight given to the treating physician's opinion. *Id.*

Here, the ALJ stated that he gave limited weight to Dr. Russell's medical source statement because her views were inconsistent. In support, he noted that despite concluding that Romine had significant limitations, Dr. Russell's treatment notes also stated that she had only moderate limitations and a full range of motion, her condition was improving, and that she was independent in her daily activities of living. [Tr. 26, 448]. Further, he stated that

the medical record as a whole did not support the level of impairment and restriction noted by Dr. Russell because Romine's March 7, 2011, physical exam revealed no deformity and only mild active synovitis in some joints. [Tr. 25]. As a result, the ALJ did not err by giving limited weight to the treating physician's opinion and properly supported his decision.

Romine's next argument on appeal is somewhat confusing. She argues first that the ALJ based her RFC determination on inaccurate findings and that the determination should have included additional limitations and impairments. Pl.'s Br. at 17-18. She then argues that the commissioner failed to prove that, with these additional limitations and impairments, there was any work she was able to perform. *Id*.

Based on the record, the ALJ first determined that Romine could not perform any of her past relevant work and that she retained the RFC for less than a full range of light work. [Tr. 24, 26]. The ALJ then incorporated Romine's limitations into a hypothetical question posed to a vocational expert about available work. [Tr. 28, 66-8]. Because the question set forth Romine's impairments, as supported by substantial evidence in the record and accepted as true, it was properly phrased. *See Perkins v. Astrue*, 648 F.3d 892, 901-02 (8th Cir. 2011). In answering the question, the expert confirmed that there were jobs available in significant numbers in the national economy that Romine could perform. [Tr. 27-8, 68]. The ALJ then concluded that Romine was not disabled. [Tr. 28]. Because a vocational expert's testimony answering a properly phrased hypothetical question constitutes substantial evidence, the ALJ's decision is supported by substantial evidence. *Partee v. Astrue*, 638 F.3d 860, 865

(8th Cir. 2011); *Hulsey v. Astrue*, 622 F.3d 917, 922 (8th Cir. 2010).

After careful inspection of the entire record, it is concluded that the commissioner's decision is supported by substantial evidence. It is not the task, upon this review, to make an independent decision after reviewing the evidence. The decision of the commissioner may not be reversed simply because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports his decision, and the record here provides such sufficient evidence. Accordingly, the decision of the commissioner is affirmed.

. III. CONCLUSION

The decision of the commissioner is hereby affirmed and Romine's complaint [Doc. No. 2] is dismissed with prejudice. An appropriate judgment shall accompany this order.

IT IS SO ORDERED this 17th day of January 2014.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE